Withers J.
delivered the opinion of the Court.
It is not disputed, that where the proof is no more than that the sheriff has paid, on an execution, to the plaintiff or to his attorney, a certain sum of money, the reasonable inference or presumption of fact should be, that he has derived the means of payment from the party who is liable on the execution. But this is not a presumption incapable of explanation, not one juris et de jure; and hence where opposing facts are adduced, as they were in this case, it is the proper function of the jury to settle the dispute. Let any man set himself up as an arbiter of the fact presented by the case as made upon the circuit, and will he be able to affirm it as “clear and conclusive,” as an “irresistible presumption,” that Brown paid the sum in question, and that Riley, the sheriff, did not advance it? It does not appear that any property of the defendant had been sold by the sheriff, or even levied upon, and in fact the rule (as represented in the report) upon the sheriff, charged the' he “had failed to make the money on the execution against the defendant.” Besides this, the jury had other facts before them resisting the inference or presumption, which, it has been admitted, would arise upon the naked proof of a payment by the sheriff as for example, that a rule had then very recently been made absolute against the sheriff, that Brown and Riley were intimate and confidential friends; that when $ 1280 were paid in July, 1841, Brown had taken care to secure evidence of that, (it being stated, and I understood, conceded here, that the payment was made through an attorney, or third person, and a receipt taken,) and that Brown had said, after Riley’s death, his creditors had dealt uniairly with his estate in some transactions, but he would take no advantage of Riley’s estate, though there had been matters between him and Riley known only to themselves. To what, the jury might well inquire, did this observation relate, except to the very item in question, to wit, the sum of *367 #2475? In some respect, Brown certainly meant to say, he had Riley’s estate in hit power. Every item in contest between Brown and the executor of Riley, except the one now in question, is said to have been satisfactorily adjusted on the trial, (as I suppose on adequate proof,) and why might not the jury construe Brown’s remark to be applicable to that for which they rendered their verdict? These remarks are made to show that there was a case fairly made for the intervention of the jury, anddf so, the only question remaining, is, whether they were forestalled or misled by any remark of the presiding Judge. So far as appears from the report, the defendant has no foundation for complaint on this score. The whole question, it is said, was left to the jury under the evidence, with the remark, that Mr. Aldrich’s statement was strong for the defendant, and ought in most cases to be conclusive, and while the Judge intimated no doubt of his own, he told the jury the testimony of the plaintiff had introduced doubts (and this Court think it did) which were resolvable by them. If the plaintiff’s testimony was admissible at all, it. was because there was a point for the jury; for it seems obvious, that if the presumption was so stringent and conclusive for the defendant as to belong to the class that are irrebutable, no testimony against it ought to have been allowe l. That Riley took no acknowledgement of indebtedness from Brown, is well enough neutralized by the fact on the other hand, that Brown, if he paid the money, took no acknow-ledgement from Riley, either on the execution or the execution book, nor any receipt for his own custody; and it might be argued, that Riley’s negligence is more explicable than the defendant’s, on the ground that he had against the latter the standing security of an execution open. Such are the views of a majority of this Court upon the grounds embraced in the regular notice of appeal. It is understood that the Court is unanimous against the defendant, upon the ground of appeal resting on the testimony said to have been discovered since the trial.
The motion is refused.
Evans J., and Frost J., concurred.